# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| LATANYA HARRIS, MARK BIBB | § § | |
| v. | § § | Civil Action No. 4:16-CV-00913 |
| HUAWEI TECHNOLOGIES USA, INC., PAN YAO | § § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs' Motion to Stay (Dkt. #21) and Defendants' Motion to Strike and Objections to Portions of Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Stay (Dkt. #30). Having considered the pleadings, the Court finds that Plaintiffs' Motion to Stay (Dkt. #21) should be denied. Defendants' Motion to Strike and Objections to Portions of Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Stay (Dkt. #30) should be denied.

### BACKGROUND

Plaintiffs Mark Bibb and Latanya Harris (collectively, "Plaintiffs") are current or former employees of Defendant Huawei Technologies USA, Inc. ("Huawei"). Defendant Pan Yao ("Yao") is Huawei's human resources director.

On January 26, 2017, Plaintiffs filed their Amended Complaint (Dkt. #19) alleging Huawei and Yao (collectively, "Defendants") retaliated against them in violation of the Fair Labor Standards Act, the False Claims Act, the Family and Medical Leave Act, 42 U.S.C. § 1981 ("Section 1981"), and the Equal Pay Act. On February 21, 2017, Plaintiffs filed Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging national origin discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.

On February 27, 2017, Plaintiffs filed a motion to stay the proceedings for six months or until the EEOC concludes its investigation (Dkt. #21). On March 13, 2017, Defendants filed a response (Dkt. #24). On March 21, 2017, Plaintiffs filed a reply (Dkt. #28).

On March 24, 2017, Defendants filed a Motion to Strike and Objections to Portions of Plaintiffs' Reply (Dkt. #30). On April 6, 2017, Plaintiffs filed a response to the motion to strike (Dkt. #36).

## LEGAL STANDARD

A district court has broad discretion to stay proceedings in the interest of justice and to control its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *Landis*, 299 U.S. at 254–55). "[A] court should not stay a [Section] 1981 suit pending EEOC action on related claims unless there appears a reasonable possibility that EEOC conciliation efforts will be productive." *Hines v. D'Artois*, 531 F.2d 726, 736 (5th Cir. 1976). *See also Hayes v. MBNA Tech., Inc.*, No. CIV.A.3:03-CV1766-D, 2004 WL 1283965, at *2 (N.D. Tex. June 9, 2004) (refusing to stay proceedings pending EEOC investigation where plaintiff also asserted claims that were not subject to EEOC exhaustion).

## ANALYSIS

Plaintiffs argue that the Court should stay the case for six months to allow the EEOC to complete the investigation of Plaintiffs' Title VII claims. Filing a charge with the EEOC is a condition precedent to filing a Title VII suit. *See Young v. City of Houston, Tex.,* 906 F.2d 177, 179 (5th Cir.1990). This requirement serves the dual purposes of affording the EEOC and the employer an opportunity to settle the dispute through conciliation, and giving the employer some

warning as to the conduct about which the employee is aggrieved. *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 44 (1974); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir.1970). Plaintiffs state that after the EEOC concludes its investigation and issues a Notice of Right to Sue, Plaintiffs will amend their pleadings to incorporate their Title VII claims. Plaintiffs argue a stay is necessary because "the same major operative facts are at issue in both the Amended Complaint and the EEOC Charges."

This argument is without merit. Plaintiff's Amended Complaint includes claims of retaliation in violation of the Fair Labor Standards Act, the False Claims Act, and the Family and Medical Leave Act. Plaintiffs allege Defendants retaliated against them in violation of the Fair Labor Standards Act when they expressed objections to Defendants' employee classification practices and Defendants' alleged misrepresentations in connection with a Department of Labor investigation. Plaintiffs further allege that they have "repeatedly warned Defendant Yao of the likelihood of a False Claims Act violation on the part of Huawei as a result of Huawei's handling of certain types of visas." (Dkt. #19 at ¶ 16). Plaintiffs allege that because of the warnings Defendants retaliated against them in violation of the False Claims Act's anti-retaliation provision. Plaintiff Harris alleges Defendants retaliated against her in violation of the Family and Medical Leave Act for taking leave in December 2014 and January 2015. Plaintiffs' Title VII national origin discrimination claims do not sufficiently relate to the current allegations in Plaintiffs' Amended Complaint to warrant a stay of the proceedings pending the EEOC investigation.

Further, Plaintiffs also bring claims under Section 1981 and the Equal Pay Act. Unlike Title VII, Section 1981 and the Equal Pay Act do not require exhaustion of administrative remedies. *See Stith v. Perot Sys. Corp.*, 122 F. App'x 115, 119 (5th Cir. 2005). The Fifth Circuit has held that "a court should not stay a [Section] 1981 suit pending EEOC action on related claims

3

unless there appears a reasonable possibility that EEOC conciliation efforts will be productive." *Hines v. D'Artois*, 531 F.2d 726, 736 (5th Cir. 1976). EEOC conciliation is a voluntary process that occurs after the EEOC concludes its investigation and issues a Letter of Determination finding reason to believe discrimination occurred. *See Bourgeois v. Matrana's Produce, Inc.*, 2013 WL 4525652 (E.D. La. Aug. 26, 2013). Here, the parties dispute whether the EEOC has contacted the parties and begun its investigation. The Court thus will not stay the proceedings pending EEOC action. *See Hines*, 531 F.2d at 736 (staying a Section 1981 suit pending initiation and exhaustion of EEOC remedies would deny Plaintiffs a statutory right to pursue remedies under Section 1981 "independent of any requirement that EEOC and Title VII remedies first be exhausted.").

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Stay (Dkt. #21) is hereby **DENIED**. It is further **ORDERED** that Defendants' Motion to Strike and Objections to Portions of Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion to Stay (Dkt. #30) is hereby **DENIED**.

**SIGNED this 13th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE